IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JULIO CESAR RODRIGUEZ,              )
                                    )
                    Petitioner,     )
                                    )
        v.                          )       1:19CV681
                                    )
WILLIAM GOODMAN,                    )
                                    )
                    Respondent.     )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, previously submitted a petition under 28 U.S.C. § 2241 for writ of habeas corpus, together with an application to proceed *in forma pauperis*, in case 1:18CV833. Petitioner attempted to raise two claims under 8 U.S.C. § 1231, which does not allow for any private right of action, and another claim challenging his conviction or sentence, which was unclear and did not appear to state any proper claim for relief but which would have been proper, if at all, under 28 U.S.C. § 2254. At screening, the undersigned noted these defects and recommended dismissal without prejudice to Petitioner filing a proper action under § 2241 or § 2254 clarifying his claims. The undersigned also noted that any action under § 2254 would be proper in the Western District of North Carolina because Petitioner was convicted in Mecklenburg County, which is located in that district. Therefore, Petitioner was instructed to obtain forms and file in that district or explain whether any refiling in this District should be transferred to the Western District.

Rather than refile, Petitioner filed Objections to the Recommendation. However, the United States District Judge assigned to the case adopted the Recommendation and dismissed the matter without prejudice. Petitioner still did not refile at that time, but instead pursued a direct appeal, which resulted in a remand to allow Petitioner to correct the defects in his prior Petition. The Court entered an Order again noting that Petitioner could refile if he chose to do so, and informing Petitioner that the Court would assign a new case number for administrative purposes and would consider whether to transfer the matter to the Western District. Petitioner thereafter filed his current Petition in which he raises the same three claims raised in his earlier action. The Court assigned a new case number and will now consider whether to transfer this matter.

Contrary to the Court's prior instruction to Petitioner to address the issue of transfer, he does not appear to have done so in his current filing. Further, in the blank space labeled "District" on the first page of his Petition, he writes "Western." Therefore, it may be that he actually intends to pursue the case in the Western District of North Carolina. In any event, he still appears to state no claim under § 1231, and any possible claim attacking his original conviction would have to be raised under § 2254. That conviction occurred in the Western District and venue is appropriate there. As noted in the prior action, this Court may, in the exercise of its discretion and in furtherance of justice, transfer this case to the district of conviction. 28 U.S.C. § 2241(d). Therefore, pursuant to that provision, and in accordance with a joint order of the United States District Courts for the Eastern, Middle, and Western Districts of North Carolina, the entire record of this proceeding should be

transferred to the United States District Court for the Western District of North Carolina for all further proceedings.

*In forma pauperis* status will be granted for the sole purpose of filing this action and entering this transfer order. Any issues surrounding the payment of the filing fee or submission of an updated *in forma pauperis* application can be addressed in the Western District.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of filing this action and entering this Order and Recommendation.

IT IS RECOMMENDED that this action be filed and that the entire record of this proceeding be transferred to the United States District Court for the Western District of North Carolina for further screening and/or further proceedings.

This, the 4th day of November, 2019.

  /s/ Joi Elizabeth Peake
United States Magistrate Judge